Gadson v. Royal/Concord Gardens        CV-96-001-M    03/08/96
              UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Frederick and Joan Gadson,
       Plaintiffs,

       v.                                       Civil No. 96-1-M

Royal/Concord Gardens Company,
       Defendant.


                          O R D E R


       Pro se plaintiffs Frederick and Joan Gadson filed an ex
parte motion for temporary restraining order, seeking to
temporarily enjoin their imminent eviction from their federally
subsidized apartment in the Royal/Concord Gardens complex.

       An expedited hearing on the motion for TRO was held on March
6, 1996, at 3:00 p.m.  Plaintiffs and defendant (through counsel)
appeared.  See e.g. E.E.O.C. v. Steamship Clerks Union, Local
1066, 48 F.3d 594, 608-609 (1st Cir. 1995).  Based on the
pleadings and after considering the representations and arguments
presented by all parties, the court concluded that a temporary
restraining order should not issue and denied the motion.

       Plaintiffs allege that the defendant initiated eviction
proceedings against them for discriminatory reasons based on Mr.
Gadson's race (African-American) and because Mr. Gadson had
previously made complaints to the property managers related to
safety issues.

Defendant denies any discriminatory motive in seeking plaintiffs' eviction, and describes a procedural history dating back to August of 1995, when it first served plaintiffs under the operable lease with a "Notice of Termination of Tenancy and Requirement to Quit the Premises." In September of 1995, following receipt of the Notice, plaintiffs filed a complaint against defendant with the United States Department of Housing and Urban Development, alleging housing discrimination. In that complaint, plaintiffs claimed that they were being denied their rights as tenants and were being retaliated against for having filed earlier complaints. They also complained that the eviction action was discriminatory in that it was motivated by plaintiff's race. According to the form filed by plaintiffs, the discrimination occurred on August 4, 1995, or the same day that the Notice of Termination was signed by defendant's attorney.

The eviction proceeding was contested by plaintiffs, and the matter was tried in the New Hampshire District Court in Concord (docket no. 95-LT-309). On October 11, 1995, that court issued an order on the merits, holding the eviction to be lawful, and finding that plaintiffs had breached the terms of their lease by their continued use of a "burn barrel" in their yard after having been warned not to do so, as such use posed a safety hazard and was not a permitted use of the premises under the lease. That court also found that defendant initiated the eviction proceedings based upon plaintiffs' refusal to comply with the

2

terms of the lease and not in retaliation due to Mr. Gadson's petition activities among other tenants or due to his race. Plaintiffs took an appeal to the New Hampshire Supreme Court, which court declined the appeal, later reconsidered that declination, and again declined the appeal, thereby affirming the district court's findings and rulings.

Similarly, after investigating plaintiffs' September, 1995, administrative complaint, the Department of Housing and Urban Development ("HUD") issued a "Notification of Determination of No Reasonable Cause" on February 13, 1996. HUD found that "reasonable cause does not exist to believe that a discriminatory housing practice has occurred." In an accompanying letter, HUD explained its bases for determining that no cause existed to believe that the Fair Housing Act was violated due to discrimination by defendant.

Plaintiffs then, on February 14, 1996, filed another, nearly identical, complaint with the New Hampshire Human Rights Commission ("HRC"). That complaint is pending, and plaintiffs are seeking an injunction in this court to stop the eviction proceedings until the state HRC complaint can be investigated and resolved.

In order to obtain injunctive relief plaintiffs had to show that: (1) they would suffer irreparable injury if the injunction were not granted; (2) that such injury would outweigh any harm inflicted on the defendant if the injunction were granted;

3

(3) that plaintiffs were likely to succeed on the merits of their complaint; and (4) that the public interest would not be adversely affected by the granting of the injunction. <u>Planned Parenthood League of Massachusetts v. Bellotti</u>, 641, F.2d 1006 (1981).

Here, plaintiffs have failed to meet their burden of showing a likelihood of success on the merits. While they allege a racially discriminatory motive and a retaliatory motive for the eviction proceedings, all in violation of the Fair Housing Act, a state court has found against them on the merits of the substance of those very charges and HUD has found no probable cause to believe the eviction is in any way violative of plaintiffs' rights under the Fair Housing Act. If anything, it appears entirely <u>unlikely</u> that plaintiffs will prevail on the merits of their discrimination and Fair Housing Act violation claims.

While the New Hampshire Human Rights Commission may find otherwise, based upon its own investigation, at this point that is merely a slender possibility. Nothing suggests that the outcome of that complaint will likely be different, or that the plaintiffs' complaint filed in this court will likely be resolved in their favor. Enjoining the fully litigated eviction order at this stage, without any reasonable basis to believe plaintiffs will succeed in proving their racial discrimination and retaliation claims would be inconsistent with governing law. Plaintiffs' articulated bases for believing that an unlawful

4

discriminatory animus motivated the eviction are weak and unpersuasive, consisting of little more than an expression of that belief.

Accordingly, the motion for temporary restraining order is denied.

The court does, however, express its appreciation to defendant's counsel for his having orally agreed at the hearing to postpone the scheduled March 7, 1996, eviction for another week in order to assist plaintiffs' efforts to relocate.


SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

March 8, 1996

cc:  Frederick Gadson
     Joan Gadson
     Harold E. Ekstrom, Esq.

5